Mr. Chief Justice Sharkey
delivered the opinion of the court.
It appears, by the bill of the complainant, that he entered into *55 a contract with the respondent for the purchase of four eighths of land, for the sum of $1600, and executed his three several promissory notes, bearing date the 10th of February, 1837, for equal amounts, payable on the 1st of January, 1838, 1839 and 1840, taking the respondent’s bond for title. That the respondent represented that he could make a good title, in which promises complainant confided. The bill also charges that the land had been purchased by the father of the respondent, who had died previous to the date of the contract, leaving six heirs, the respondent being one, in whom the legal title vested, and that it is important to the value of the tract of land, that it should not be divided. That suit had been brought on the first note, and judgment recovered, although complainant attempted to defend himself at law. There is also a charge of insolvency, and the prayer is for an injunction as to the judgment, and for a specific performance, or in case the respondent is unable to make title, then for a rescission of the contract. The bond, which is an exhibit, is conditioned to .make title when the last payment shall be made.
The answer admits the contract, and that the land was owned by the heirs of his father. Denies that respondent represented that he could make a good title, but insists that he told the complainant the true situation of the title, and that at the time of sale, in consequence of the condition of the title, it was agreed, that, as respondent could not by the time of the last payment, get the title of the minor heirs, that he might then make him a title for four shares, and give a bond with good security for the title of the other shares, when the heirs should come of age, and avers an offer to do so. He avers an offer to make title to four shares, on payment of the money. Denies the charge of insolvency, which denial is proved.
It is not necessary to say anything about the additional agreement set up in the answer. The complainant does not show himself to be entitled to the relief of a court of equity. He does not aver an ignorance of the condition, and if he had, it is fully proven by a witness, who was present at the time the contract was made, that before the bond was delivered, and *56 before the notes were given, that McLaurin stated fully to the complainant the condition of the title. He was therefore a purchaser with full notice. But furthermore his application was premature. The condition of the bond was to make titte when the last payment should be made, but he applies for relief before he makes the first payment, and does not even make an offer of payment. In a case very similar' to this, decided by the Chancellor, he held that a party who comes into a court of chancery to rescind his contract, upon the ground of the defendant’s inability to comply with his part of such contract, must put his adversary in the wrong, and as the bond in that case was, as it is in this, conditioned to make title when the last payment was made, he held very rightly that the respondent was not bound to make a deed until the last payment was made, and refused to give relief. Mitchell v. Sherman, 1 Freeman’s R. 120. A similar doctrine was held by this court in the case of Lewis v. Woods, 4 Howard, 86, and in 7 Ib. 167. That the time for the last payment has elapsed makes no difference. The bill was filed in 1839, when it had not elapsed. The complainant shows no offer or. readiness to perform his contract, and until he does so, he is not to be heard to urge the inability of the other party to perform.
The decree of the Chancellor must be affirmed.